HERTHA HERZ, RESPONDENT, v. E. I. DU PONT DE
NEMOURS & COMPANY, A CORPORATION, APPELLANT.

Argued December 7, 1923—Decided March 3, 1924.

1. One manufacturing highly explosive powder must exercise a high
   degree of care.
2. Plaintiff brought suit to recover for damage caused to her house
   by an explosion in a corning mill operated by the defendant in
   the manufacture of a highly explosive powder. There was tes-
   timony from which the jury could find that the explosion was
   caused by foreign matter getting into the powder as it was going
   through the mill; that the presence of foreign matter in the
   powder "would be due to negligence of employes"; that in
   former years the mill was operated with employes inside; that
   contrary to former practice, no employes were in the building at
   the time of the explosion; that with "a man inside there would
   be less chance of foreign matter getting in the powder and caus-
   ing an explosion"; that it was possible to get men to work inside,
   and that the mill "if operated in the usual way" would not ex-
   plode. *Held*, that the question of defendant's negligence was for
   the jury.

On appeal from the Supreme Court.

For the appellant, *Collins & Corbin* (*George S. Hobart*
and *Ralph E. Cooper,* on the brief).

For the respondent, *J. Chester Massinger.*

The opinion of the court was delivered by

TRENCHARD, J. This is an appeal from a judgment
entered upon the verdict of a jury at the Passaic Circuit, in
favor of the plaintiff-respondent and against the defendant-
appellant.

In April, 1922, corning mill number one, owned and
operated by the defendant in the manufacture of Lesmok
powder (a highly explosive powder) at its Wayne, N. J.,
plant, was destroyed by an explosion. The plaintiff brought
this suit to recover for damage alleged to have resulted to

her house, about one mile away from the mill, by reason of such explosion.

In the complaint the liability of the defendant was based, not upon the theory of nuisance, but solely upon an allegation of negligence of the defendant, by its agents and servants, and as the case was tried and submitted to the jury, the liability of the defendant was made to turn upon a finding of negligence of the defendant which was the proximate cause of the injury.

Presumably the jury found such negligence, and the sole question to be determined on this appeal is whether there was any evidence from which such negligence could be inferred legitimately, the question being raised by an exception to the court's refusal to grant a motion for the direction of a verdict for the defendant grounded upon the contention that there was "no proof of negligence."

We are of the opinion that there was such evidence and that, consequently, the motion was properly denied.

Of course, the degree of care required as to explosives, as in the case of other dangerous agencies, must be commensurate with the apparent danger, and in the case of the manufacture of highly explosive powder (as here) must be a high degree of care.

It appeared that corning mill number one, in which the explosion occurred, was an isolated building, thirty by fifty feet floor dimensions. Contrary to the practice in former years, it was operated without the presence of any employes in the building at the time of the explosion. There was testimony from which the jury could find, if they saw fit, the following matters of fact: That the explosion in question was caused by foreign matter getting into the powder as it was going through the mill; that the presence of foreign matter in the powder "would be due to negligence of employes"; that in former years the mill was operated with employes inside; that no employes were in the building at the time of the explosion; that with "a man inside there would be less chance of foreign matter getting in the powder and causing an explosion"; that it was possible to get men

to work inside, and that the mill, "if operated in the usual way," would not explode.

It is true that there was also testimony tending to show that there were other things, having to do with defective appliances or faulty operations, which might possibly cause an explosion, and it may be assumed that the operation conducted in the mill was a dangerous business. It was, therefore, apparent that to keep employes in the mill was dangerous to the employes, and that to keep employes out during the process of manufacture was dangerous to the public. For reasons satisfactory to itself, the defendant company chose to keep its employes out; but by so doing, from whatever motive, it could not evade its responsibility to the public for such manifest failure to exercise the high degree of care required in the circumstances.

We believe that the foregoing observations in effect dispose of every question properly raised and argued, and essential to the decision of this appeal.

The judgment below will be affirmed, with costs.

*For reversal*—None.